THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00149-MR-WCM-3

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| RODRIGO CRUZ PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 124].

The Defendant, through counsel, moves the Court for leave to file a Supplement to his Objections to the PSR under seal in this case. For grounds, counsel states that the nature of the supplement's case specific content necessitates sealing. [Doc. 124].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 16, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the supplement contains sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Supplement is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's Supplement, the Court finds that the supplement contains case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file a Supplement under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 124] is **GRANTED**, and the Defendant's Supplement [Doc. 123] shall

be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: January 23, 2019

Martin Reidinger
United States District Judge