# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00149-MR-WCM-3

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **RODRIGO CRUZ PEREZ,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Leave to File Sealed Sentencing Memorandum [Doc. 129].

The Government, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum under seal in this case. For grounds, counsel states that the unredacted portions of the memorandum relate to information contained in prior sealed filings by the Defendant, including information contained in the Presentence Investigation Report and the Defendant's objections thereto. [Doc. 129].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on January 23, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing its motion, the Government also filed a redacted version of the memorandum that is accessible to the public. [See Doc. 125]. Further, the Government has demonstrated that the unredacted portions of the memorandum contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Defendant's privacy interests.

Upon review of the Government's unredacted Sentencing Memorandum, the Court finds that the unredacted portions of the Sentencing Memorandum contain case material and information of the nature that is

ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

Accordingly, the Government's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Leave to File Sealed Sentencing Memorandum [Doc. 129] is **GRANTED**, and the Government's unredacted Sentencing Memorandum [Doc. 128] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: January 23, 2019

Martin Reidinger
United States District Judge