THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00149-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| RODRIGO CRUZ PEREZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Sentence Reduction Under 18 U.S.C. 3582(C)(2)" [Doc. 146].

**I.    BACKGROUND**

In 2017, Rodrigo Cruz Perez ("Defendant") participated in a cocaine and methamphetamine trafficking conspiracy that operated in and around Buncombe County, North Carolina. [See Doc. 113: PSR at ¶¶ 8, 16-31]. On October 26, 2017, law enforcement officers conducted a search of a suspected "stash house" located in Leicester, North Carolina. [Id. at ¶¶ 9, 16]. The officers located Defendant in the back left bedroom of this residence, along with methamphetamine, cocaine, and various items of drug paraphernalia "associated with the process of 'cutting cocaine.'" [Id. at ¶¶ 16-17, 21]. Subsequent to their search, officers determined that Defendant's

contributions to the conspiracy involved teaching his co-conspirators how to "wet cut" cocaine, and "watch[ing] over" the conspiracy's cache of drugs at the residence in Leicester. [Id. at ¶¶ 22, 27]. Ultimately, approximately 5.89 kilograms of cocaine mixture and 4.75 kilograms of actual methamphetamine were attributable to Defendant. [Id. at ¶¶ 22, 30-31].

A federal grand jury indicted Defendant and charged him with (1) conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture of methamphetamine and at least 500 grams of a mixture of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and (2) possessing with intent to distribute more than 500 grams of a mixture of methamphetamine, in violation of 21 U.S.C. § 841. [See Doc. 24: Superseding Indictment]. Following a jury trial, Defendant was convicted on both counts. [See Doc. 104: Jury Verdict].

In advance of sentencing, the Court's probation office submitted a Presentence Report, which calculated a total offense level of 40. [Doc. 113 at ¶ 47]. Defendant's prior criminal history resulted in an assessment of zero criminal history points. [Id. at ¶ 51]. Based on a total offense level of 40 and a criminal history category of I, the probation office concluded an advisory guideline range of 292 to 365 months' imprisonment. [Id. at ¶ 69]. The Court

sentenced Defendant at the low end of this range, imposing a term of imprisonment of 292 months. [See Doc. 133].

Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(C)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 146]. The Government consents to Defendant's motion. [See Doc. 153].

**II. STANDARD OF REVIEW**

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that

3

would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that Defendant was sentenced, a defendant with zero criminal history points was treated the same as a defendant with one criminal history point for the purpose of calculating the criminal history category. Part B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242;

U.S.S.G. § 4C1.1 (2023).[1] The Sentencing Commission has made Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

Defendant is eligible for relief under Amendment 821. At the time of sentencing, he was assessed no criminal history points, and none of the exceptions precluding eligibility for a sentencing reduction apply. With the revision to § 4C1.1 under Amendment 821, Defendant would receive a decrease of two offense levels, reducing his total offense level to 38. A total offense level of 38, when combined with a criminal history category of I,

---

[1] Specifically, a defendant is not eligible for this reduction if (1) he or she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he or she used violence or credible threats of violence in connection with his or her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he or she personally caused substantial financial hardship; (6) he or she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he or she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he or she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he or she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he or she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

5

results in a revised advisory guidelines range of 235 to 293 months. [Doc. 152: Supplement to PSR at 2].

Having determined the amended guideline range that would have been applicable to Defendant had the relevant amendment been in effect at the time of his initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

Here, Defendant's post-sentencing conduct supports a reduced sentence. During his period of incarceration, Defendant has completed a significant number of work assignments, along with a handful of educational courses, and he has not incurred any disciplinary infractions. [Doc. 152 at 2]. Additionally, while Defendant's offense conduct involved a significant quantity of controlled substances, it did not involve violence.

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in Defendant's sentence is consistent with the purposes of sentencing. Accordingly, Defendant's motion for a reduced sentence will be granted, and the Court will reduce his sentence to a term of 235 months' imprisonment.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Sentence Reduction Under 18 U.S.C. 3582(C)(2)" [Doc. 146] is hereby

**GRANTED**, and Defendant's sentence is **REDUCED** to a term of **TWO HUNDRED AND THIRTY-FIVE (235) MONTHS.**

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge